IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SUSAN HADASSAH MORROW,

    Plaintiff,
v.                                            CASE NO. 4:16-cv-248-MW-GRJ

KATHLEEN L. FUHRMAN,
et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate serving a sentence in the custody of the Florida Department of Corrections at Florida Women's Reception Center, Ocala, Florida, initiated this case by filing a *pro se* civil rights complaint pursuant to 42 U.S.C § 1983, ECF No. 1, and seeks leave to proceed as a pauper, ECF No. 2.  Plaintiff has also filed a "motion to invoke jurisdiction and venue," ECF No. 3, and a "motion for process service" by the United States Marshal, ECF No. 4.  For the following reasons, the undersigned recommends that this case be dismissed for abuse of the judicial process.

The Complaint alleges violations of Plaintiff's First Amendment rights and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 28 U.S.C. §§ 2000cc *et seq.*, stemming from the DOC's changes to the

statewide Religious Diet Program menu.  The three named defendants are Public Health Nutrition Program Managers of the DOC in Tallahassee, Florida.  Plaintiff asserts that changes to the menu have infringed her rights because the menu does not provide her with a Kosher diet.  ECF No. 1.

The Court's civil rights complaint form, which Plaintiff executed under penalty of perjury on April 22, 2016, requires prisoners to disclose their prior litigation history.  Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding other lawsuits, including whether they have initiated other actions in state or federal court dealing with the same or similar facts involved in the instant case, whether they have initiated other cases dealing with the fact or manner of their incarceration *(including habeas corpus petitions)*, and whether they have "ever had any actions in federal court dismissed as frivolous, malicious, for failure to state a claim, *or prior to service*," and if so to "identify each and every case so dismissed."  ECF No. 1 at 3-5 (emphasis added).  The form expressly warns that "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL."  ECF No. 1 at 3.

In response to all questions regarding prior civil cases, Plaintiff responded either "No" or "N/A".  ECF No. 1 at 3-5.

A review of the Court's PACER Case Locator reflects that, contrary to her responses in the Complaint, Plaintiff filed at least two civil cases prior to executing the Complaint in this case that were dismissed prior to service: *Morrow v. Furhman*, Case No. 5:15-cv-546-Oc-10PRL, ECF No. 18 (M.D. Fla. 3/11/16) (dismissing case for improper venue); and *Morrow v. Obama*, Case No. 1:08-cv-22345-ASG (S.D. Fla. 3/9/09) (dismissing for failure to prosecute Plaintiff's complaint challenging President Obama's eligibility to run for President).  The Court has confirmed that the Plaintiff in these cases is the same as the Plaintiff in this case, having DOC Inmate No. 152108.[1]

In addition to failing to identify these prior civil cases, Plaintiff also failed to identify at least six prior federal habeas corpus cases:  *Morrow v. Sec'y, DOC*, Case No. 3:96-cv-151 (M.D. Fla. 9/3/97); *Morrow v. Sec'y, DOC*, Case No. 4:97-cv-205 (N.D. Fla. 10/7/97); *Morrow v. Sec'y, DOC*, Case No. 4:97-cv-13 (N.D. Fla. 4/27/98); *Morrow v. Sec'y, DOC*, Case No.

---

[1] Plaintiff filed this case as "Susan Hadassah Morrow," DOC Inmate No. 152108. Plaintiff is identified in the DOC's online inmate locator as "Susan A. Morrow," DOC Inmate No. 152108.  Plaintiff has several aliases, but "Susan Hadassah Morrow" is not identified as one of her aliases.

5:07-cv-73 (N.D. Fla. 6/19/07); *Morrow v. Sec'y DOC*, Case No. 1:08-cv-20027 (S.D. Fla. 6/9/08); *Morrow v. Sec'y, DOC*, Case No. 5:09-cv-225 (N.D. Fla. 5/27/10).  The Court has confirmed that the Petitioner in these cases is the same as the Plaintiff in this case, having DOC Inmate No. 152108.

In her motion for leave to proceed as a pauper, ECF No. 2, and motion to invoke jurisdiction and venue, ECF No. 3, Plaintiff does disclose her prior Middle District case, *Morrow v. Furhman*, Case No. 5:15-cv-546-Oc-10PRL.  Plaintiff seeks to transfer her IFP status from the Middle District Case to this case, and to invoke this Court's jurisdiction over her claims, which the Middle District elected to dismiss rather than transfer.  *Morrow v. Furhman*, Case No. 5:15-cv-546-Oc-10PRL, ECF No. 18 (M.D. Fla. 3/11/16).  Even if the Court were to find that Plaintiff satisfied the disclosure requirements in the Complaint form by identifying this case in her motions, there can be no dispute that she wholly failed to identify her other prior civil case filed in the Southern District and her numerous prior habeas corpus cases.

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits warrants dismissal of the complaint for abuse of the judicial process.  *See Redmon*

*v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011).[2] In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit. The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]" *Id*. The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c). Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a

---

[2] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

complaint is related to or is affected by another case. The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal. *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

The Court has not ordered Plaintiff to show cause as to why this case should not be dismissed prior to recommending dismissal. Plaintiff cannot plausibly claim that she was unaware of the existence of the numerous prior federal civil and habeas corpus cases. The undersigned therefore concludes that dismissal of this case without prejudice for abuse of the

judicial process is an appropriate sanction for Plaintiff's lack of candor. The dismissal of this case for abuse of the judicial process should operate as a "strike" pursuant to 28 U.S.C. § 1915(g).

For the foregoing reasons, it is respectfully **RECOMMENDED** that this case should be **DISMISSED without prejudice** for abuse of the judicial process, and that all pending motions be terminated.

**IN CHAMBERS** this 10th day of May 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**